# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>           Petitioner,<br><br>     v.<br><br>BEN CURRY,<br><br>           Respondent.<br>_____/ | 1:09-cv-01150-SMS (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO COMPEL DISCOVERY WITHOUT PREJUDICE<br><br>[Doc. 16] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 1, 2009. Petitioner filed an amended petition on March 15, 2010. (Court Doc. 11.) On April 21, 2010, the Court directed Respondent to file a response to the amended petition within sixty days from the date of service. (Court Doc. 13.)

On May 3, 2010, Petitioner filed a motion to compel discovery of his psychological records. (Court Doc. 16.)

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner

1

1  may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."
2  Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969).  Discovery
3  will not be allowed so that the petition can "explore [his] case in search of its existence," looking
4  for new constitutional claims.  See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).  If
5  good cause is shown, the extent and scope of discovery is within the court's discretion.  See
6  Habeas Rule 6(a).  The Court's duty in a habeas proceeding is to determine whether or not
7  petitioner's constitutional rights were violated in the course of the conviction.

8       In this instance, Respondent has not yet filed an answer to the petition and the Court has
9  not conducted a thorough review of the petition.  Thus, the Court cannot determine what, if any,
10 further development of the facts are necessary.  Accordingly, Petitioner's motion for discovery
11 shall be denied without prejudice to re-filing at a later date if necessary.

13 IT IS SO ORDERED.
14 **Dated:    May 5, 2010**                         /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE